## CHARLES G. KELLEY *versus* JOHN KELLEY.

A tenant claiming by virtue of a possession and improvement may not only offer to purchase in the title, but may in writing contract to do so, without altering the character of his occupancy, if the terms of the contract show, that the intention was to purchase and sell, not a full and perfect title, but one encumbered by such claim.                                                    :

But all claim for *betterments* will be considered as abandoned, if the contract expressly admits, that the demandant was the owner of the land, and that the tenant was living upon it, and agreed to purchase an unqualified title thereto by deed of warranty.

To entitle the tenant to *betterments*, the " actual possession for the term of six years or more before the commencement of such action," required by the statute, should be immediately preceding the commencement of the suit, and not at some remote period.

The tenant will not be permitted to set up in defence, that nothing passed by a deed from the lawful proprietor to the demandant, by reason of a disseizin by the tenant, if the latter, three years afterwards, while continuing in possession, in writing, admits the title of the demandant, and contracts to pay him for the land, and has since occupied it as his tenant at will.

WRIT OF ENTRY. The following is a copy of the contract between the demandant and the tenant, refered to in the opinion of the Court.

" Memorandum of an agreement between John Kelley, on the one part, and Charles G. Kelley, on the other. The condition of this obligation is such, that I, Charles G. Kelley, stand bound to said John, his heirs and assigns, to give him or heirs a good warranty deed of lot No. 60, containing one hundred acres of land, the same that the said John now lives on, or pay him the sum of nine hundred dollars, in case said John pays me four hundred dollars, to be paid within two years from this date, one hundred dollars to be paid down, one hundred

Kelley v. Kelley.

and fifty dollars to be paid in one year, and one hundred and fifty dollars to be paid within two years from this date. In case said John pays according to said obligation, and I, said Charles G. Kelley, give him or his heirs a good deed of said land, this obligation is null and void. Hampden, October 25, 1832."

The tenant gave to the demandant, at the same time, his notes for four hundred dollars, payable as mentioned in the contract, which had not been paid.

The facts appear in the opinion of the Court.

The trial was before TENNEY J. who instructed the jury, that *if they* were satisfied from the evidence, that the papers dated October 25, 1832, were executed and delivered by the parties, these papers would operate to prevent the tenant from claiming any betterments, made before or after the date thereof; and that they would operate so as to give effect to the deed from Hall J. Kelley to the demandant, if said H. J. Kelley, at the time of the delivery of said deed had been disseized by said John. And that if they were satisfied of the execution and delivery of those papers, they would inquire no further, and return their verdict for the demandant on the general issue. The verdict was for the demandant, and the tenant filed exceptions.

*Kent* argued for the tenant. The grounds taken are stated in the opinion of the Court. On the first point, that the tenant was entitled to betterments, these cases were cited : *Knox* v. *Hook*, 12 Mass. R. 329 ; *Shaw* v. *Bradstreet*, 13 Mass. R. 241 ; *Ken. Pur.* v. *Kavanagh*, 1 Greenl. 348 ; *Blanchard* v. *Chapman*, 7 Greenl. 122 ; *Fiske* v. *Briggs*, 3 Fairf. 377 ; *Bacon* v. *Callender*, 6 Mass. R. 308 ; St. 1821, c. 47 ; Rev. St. c. 145, § 26 ; *Newhall* v. *Sadler*, 17 Mass. R. 350 ; *Runey* v. *Edmands*, 15 Mass. R. 293 ; 9 Johns. R. 35, 330 ; *Small* v. *Procter*, 15 Mass. R. 499. On the second point, that nothing passed to the demandant by the deed under which he claimed, because his grantor was then disseized by the tenant, were cited *Allen* v. *Thayer*, 17 Mass. R. 302 ; *Small* v. *Proctor*, 15 Mass. R. 499 ; *Brinley* v. *Whiting*, 5 Pick. 358 ;

8 Wend. 633; 13 Johns. R. 290, 466; 1 Wend. 493; 5 Wend. 157.

*Rowe* and *J. A. Poor* argued for the demandant, citing 9 Cowen, 552; 12 Mass. R. 329; 13 Mass. R. 341; 15 Mass. R. 294, 499; 1 Greenl. 349; 7 Greenl. 122.

The opinion of the Court was drawn up by

SHEPLEY J. — This is a writ of entry demanding possession of lot numbered 60 in the town of Orono. The deeds of conveyance introduced by the demandant will be sufficient to establish his title, unless the operation of one of them can be defeated by proof, that the grantor was disseized at the time of making that conveyance. The tenant contends, that the testimony introduced by him should have that effect, and also that it should establish his right to the improvements by virtue of a possession and improvement of the lot, under the provisions of the statute. It shews, that he entered upon the lot as early as the year 1819, made improvements, and continued to live upon and occupy it exclusively to the time of the trial. The demandant and the tenant, as the jury have found, entered into a written contract of two parts on October 25, 1832, by which the one agreed to sell and the other to purchase the lot upon certain terms therein stated. The counsel for the tenant contends, that he had acquired a right to the improvements before he entered into that contract; that the fee and the improvements had become distinct claims or titles; and that he might admit, that he did not own the fee, and contract to purchase it, without surrendering any of his rights or acting inconsistently. And the inference is drawn, that the contract in this case was one of that description. The fault of the argument may perhaps be in an erroneous inference. It is admitted, that the case of *Knox* v. *Hook*, 12 Mass. R. 329, was correctly decided, because the first entry upon the land was made under a contract to purchase it. The opinion states, " now a person, who has made a contract with the proprietor to purchase, and has entered in pursuance of such contract, cannot be said to hold the lands by virtue of a pos-

Kelley v. Kelley.

session and improvement. He holds by virtue of a contract with the proprietor." That position is founded upon the well established doctrine, that one, who is in possession of land is presumed to be so rightfully, until the contrary is made to appear. He may be considered as the tenant at will of the owner. *Cooper* v. *Stower,* 9 Johns. R. 331. No doubt, a tenant claiming by virtue of a possession and improvement may not only offer to purchase in the title, but may in writing contract to do so, without altering the character of his occupancy. And if one so situated should make such a contract, as would shew, that the intention was to purchase and sell, not a full and perfect title, but one incumbered by such a claim, he would not be considered as holding under the contract any thing more, than he contracted to purchase. But his contract with the owner of the title must, like other contracts, be construed according to its terms and the intention of the parties. In this case the contract between the parties expressly recognizes as the state of facts, that the demandant is the owner of the land, and that the tenant is living upon it, and agrees to purchase it. And he does not contract for the title of the demandant, or for any incumbered or qualified title, but for " a good warranty deed of lot No. 60." And the demandant by contracting to sell to the tenant the land he " now lives on," admits the possession of the tenant to be rightful; and from that time he must be considered as holding the land by consent of the owner and at will. He had so held it for more than seven years before the commencement of this suit; and cannot therefore during that time be considered as holding adversely by a possession and improvement. And he cannot, by neglecting to fulfil his contract, claim to set up his rights, as they existed before it was made ; for neither at the time of the commencement of the suit, nor during all that time, did he hold by virtue of a possession and improvement. And not the language only, but the spirit of the statute, required, that such " actual possession for the term of six years or more, before the commencement of such action," should be immediately preceding, and not at some remote period. And when

this action was commenced the premises were not " holden by such person by virtue of a possession and improvement,". as the statute requires, to entitle him to have the value of the improvements assessed.

It is further contended, that the demandant did not acquire any title under the conveyance made to him, on October 13, 1829, from Hall J. Kelley, because the grantor had been, before that time, disseized by the tenant, who about three years afterward, and while continuing that possession, admitted the title of the demandant, contracted to pay him for it, and has since occupied the land *as his* tenant at will. After such an occupation for so many years, he proposes to dispute his landlord's title. That is inadmissible. His contract explains the character of his previous possession, as well as puts it out of his power to raise the objection.

*Exceptions overruled.*