## DANIEL J. CAMPAU v. TOUSSAINT LAFFERTY.

*Striking out evidence—Adverse possession—Form of lease.*

A trial judge cannot strike out relevant evidence which the parties are willing to retain, nor stipulate conditions to the reception of evidence, as by refusing to allow testimony to stand unless a party consents to an answer at large.

An adverse holding cannot exist if the holder does not believe in his title.

Where a trespasser, in whom title by adverse possession has not been perfected, accepts a lease and agrees to give up possession when it expires, he is estopped from repudiating his recognition of his landlord's title and from claiming adversely to such title.

*It seems* that usage permits a lease to be executed by exchanging duplicates each of which is signed only by the other party.

A parol lease for a single year, if accepted, is enough to break a period of adverse possession and bar the statute of limitations against actions for real estate.

Error to Wayne. Submitted April 22. Decided April 28.

EJECTMENT. Plaintiff brings error.

*F. A. Baker* and *Ashley Pond* for plaintiff in error.

*E. H. Rogers* and *C. A. Kent* for defendant in error, cited *Fuller v. Sweet* 30 Mich. 237.

CAMPBELL, J. Plaintiff brought ejectment for an undivided interest in certain lands in Grosse Point, Wayne county, which were patented by the United States to the heirs of Nicholas Campau September 2, 1840. Title was

regularly traced into plaintiff from various heirs, and among others from Catherine Lafferty, the mother of defendant, who was one of the heirs living at the date of the patent.    She deeded her interest August 20, 1845, to Joseph Campau, father of plaintiff, and to Barnabas Campau, and took back from them on the same day a life lease of the entire property.    She died in October, 1854.    After her death (as the case was put to the jury, and there is apparently no testimony which would authorize any previous occupation by defendant to be regarded as independent), defendant went into possession, and has occupied the premises since.    This suit was brought December 28, 1875.    The only defense is an occupation for more than twenty years.    The regular title is shown to be in plaintiff.

Plaintiff showed a lease executed in duplicate on the 23d day of June, 1865, between the administrators of Joseph Campau and defendant, whereby they leased to him for a year the premises in question for the rent of one dollar and payment of the taxes on these premises and the remainder of a larger tract including them, in which he covenanted also to keep the buildings in repair, and at the end of the year to surrender the premises to the lessors.

Some collateral questions came up during the trial concerning evidence, but the principal error assigned is concerning the charge of the court.

Upon the objection of plaintiff some testimony was excluded, whereby defendant was asked to swear concerning certain transactions between himself and Denis Campau, one of the administrators.    But after this was excluded defendant's counsel were allowed to ask him, without objection, some further questions of the same sort, and in answer to one of them he said that Denis read the lease to him.    The court, then, of his own motion struck out this answer, and refused to allow it to stand unless plaintiff would consent to allow the witness to answer at large.

As it did not appear that this suit was brought in the interest of Denis Campau's estate, and Denis was not acting in his individual right, we do not perceive why the testimony was not admissible. But it was clearly error for the judge to strike out relevant evidence which the parties were willing to retain, and it was not within his province to stipulate conditions concerning the reception of evidence. This testimony stricken out was important because it proved the knowledge by defendant of the terms of the lease, concerning which he set up a claim of ignorance. How far any such claim could avail him, if true, is not now important.

The court was requested by plaintiff to charge that "the lease executed by Toussaint Lafferty in 1864 shows a full recognition of the title of Joseph Campau, and if the jury find it was signed by him with full knowledge of its contents, the plaintiff is entitled to a verdict."

This was refused, but the court charged on this point that it would under such circumstances be very strong evidence that he understood he had no title to the property. In connection with this the court charged that twenty years adverse possession would give him a perfect title.

The effect of this charge was, with its context, to allow if not to require the jury to find that such an instrument was not inconsistent with an adverse holding. They were not told that a holding cannot be adverse if the holder does not believe in his title, and there is no doubt a possession may be maintained long enough by an undisturbed and defiant trespasser to bar an ejectment. Under the charge the verdict for defendant was almost inevitable, for the possession had probably lasted twenty years, and unless the lease broke it, the jury might without further explanations find no means of knowing what was meant by adverse possession.

But we think plaintiff was entitled to the charge requested. The court, as already suggested, told the jury, and rightly, as it seems, that defendant had no posses-

sion which could avail him, before his mother's death. There was no pretense of legal title in defendant at any time. In 1865, when this lease was made, there had not been time for any title to be raised adversely, and if he was not in possession as tenant at will or sufferance under the real owners, he was a mere trespasser and liable to ouster. Under such circumstances acceptance of a lease and an agreement to deliver up possession at its termination, created as distinct and unequivocal an estoppel as could be made, and the tenant who thereby was released from his liability as trespasser, and invested with a rightful possession, could not afterwards repudiate the recognition.

The case is entirely different from that referred to in *Fuller v. Sweet* 30 Mich. 237, where a tenant in common already rightfully in possession was held not estopped to deny the title of a wrongful claimant to the remaining interest, from whom he had as a supposed co-tenant taken a lease which had been regularly terminated by proper notice. Here there was a valuable consideration and an advantage secured by the transaction, which the tenant had the enjoyment of.

It was suggested on the argument that there was no foundation for this claim here, because the instrument produced was signed by no one but the tenant. It appears however that a duplicate was executed and given to him, and the transaction was probably the usual one where each party signs the paper delivered to the other, and does not always sign the one he keeps. As the lease was for a single year, it might have been made by parol. But the testimony is that it was in writing.

The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.