82  135
89  68

[No. 12219.   Department Two. — December 19, 1889.]

JOHN DAVIS, APPELLANT, v. P. H. McGREW ET AL., RESPONDENTS.

TENANT — WHEN MAY ASSERT TITLE IN HIMSELF. — One who does not enter under a lease, but while in possession accepts a lease from a third party, is not estopped from afterwards asserting such title as he may have had.

WORDS OF CONVEYANCE — "WAIVE AND RENOUNCE." — The words "waive and renounce" are not words of conveyance; and when inserted in a document which does not purport to be a conveyance, do not convey title.

ID. — AGREEMENT BETWEEN TENANTS IN COMMON. — An agreement between two tenants in common, by which each waives and renounces in favor of the other his claim to specific tracts, may relate to the allotment to be made upon partition.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order refusing a new trial.

The facts are stated in the opinion.

*A. H. Griffith,* for Appellant.

*Moore & Reed,* for Respondents.

HAYNE, C. — Suit to annul a lease from the defendant McGrew to the plaintiff, Davis.

Davis was the owner of an undivided interest in the San Pablo rancho, and was in possession of two parcels thereof, viz., one of 320 acres, called his "home place," and the other 45 acres, upon which latter he had growing crops of the value of one thousand dollars. McGrew claimed this latter piece, and applied to the superior court, in a case pending therein, for a writ of assistance to remove Davis from possession.

The court awarded the writ, for the purpose of placing McGrew in possession jointly with Davis. And the parties compromised the matter by Davis taking a lease from McGrew of the forty-five-acre tract for one year at an annual rent of five hundred dollars. This lease contained the following clause: "The lessee hereby expressly and absolutely *waives and renounces* any and all claim to title of any kind in himself in or to the premises herein described, other than the leasehold interest by this lease created." As a part of the arrangement, it was agreed (although this latter part was not reduced to writing) that McGrew should waive all claim to the tract of 320 acres.

The suit was to have the lease canceled on the ground of fraudulent misrepresentations as to the effect of the decision in relation to the writ of assistance. And upon a former appeal, it was held that the complaint stated a cause of action. (*Davis* v. *McGrew,* 8 West C. Rep. 199.) Upon the return of the case to the court below, a new trial was had, and the court found that there was no fraudulent misrepresentation, and rendered

judgment for the defendants, from which the plaintiff appeals.

It is contended that the finding referred to is not sustained by the evidence. But we think that there was evidence in its support sufficient at least to make a substantial conflict. Before signing the lease there was shown to Davis a letter from the judge of the court stating that the order was to place McGrew "into joint possession with Davis." And one Gift, a constable, who had misinformed Davis in the first instance, testified as follows: "After seeing this letter from Judge Brown, I explained that his 320 acres was entirely free; that McGrew was to go into joint possession of the forty-five acres." And McGrew testified as follows: "I read it [the letter] out loud, so it could be heard. Mr. Davis took it and looked at it, and Mr. Gift or Mr. Davis made the remark, that would make us partners in the land. Davis said: 'I don't want no partners; if you will give me what I paid for the barley I put in, and some potatoes that I planted, I will take you right out in my buggy and give you full possession of the land. I don't want anybody in there but myself.' I said: 'No; you are a farmer, and have farming utensils. I have nothing. I am a blacksmith, and no farmer. You just continue on the land, and pay the rent that others have offered for it, and you can have it.'" He agreed to it, and consummated the bargain.

It is argued that the circumstances and the nature of the transaction show that the testimony above referred to was not true. But so far as the lease proper is concerned, there was nothing unnatural about the transaction. Davis states that the growing crop was worth one thousand dollars. McGrew was to be put in joint possession with him; and the rent was one half of the above-stated value of the crop. Nor can we see that the effect of the transaction upon the title of parties made it unfair or improbable. Davis, not having entered under the lease,

but having been previously in possession, would not be estopped by the lease from afterward asserting any title that he might have. (*Tewksbury* v. *Magraff*, 33 Cal. 245; *Franklin* v. *Merida*, 35 Cal. 558; 95 Am. Dec. 129; *Pacific Ins. Co.* v. *Stroup*, 63 Cal. 153.) And the clause above quoted, and much dwelt upon by the appellant's counsel, does not operate as a conveyance of the title. The words "waive and renounce" are not words of conveyance, and, especially when inserted in a document which does not purport to be a conveyance, are not sufficient to convey any title which Davis may have had. A similar agreement was made by McGrew in relation to Davis's "home place," though this latter agreement was not reduced to writing.

Possibly these agreements may be held to relate to the allotment or apportionment of the interests of the parties when a partition comes to be made. At any rate, one was evidently in consideration of the other; and we do not see anything improbable about the transaction.

Upon the whole case, we do not think that the findings can be set aside as not sustained by the evidence, and we therefore advise that the judgment and order appealed from be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Hearing in Bank denied.