[No. 555.   Decided December 13, 1892.]

JOSIAH COLLINS, *Respondent*, v. GEORGE E. HALL *et al.*, *Appellants.*

LANDLORD AND TENANT — ACTION ON LEASE — EVIDENCE — POSSES-
SION OF LANDLORD — BURDEN OF PROOF.

In an action upon a lease to recover rent, the plaintiff's allegation of possession is *prima facie* established by the introduction of the lease, and the burden of alleging and proving plaintiff's want of possession at the time of the execution of the lease is upon defendants.

*Appeal from Superior Court, King County.*

*Fishback, Hardin & Meek,* and *Stratton, Lewis & Gilman,* for appellants.

*Thompson, Edsen & Humphries,* for respondent:

The only evidence that respondent was required to introduce to make out his case under the issues formed, was the written contract which had been entered into between the parties. *Williams v. Wait,* 49 N. W. Rep. 209; *Wiggin v. Wiggin,* 58 N. H. 235; *Russell v. Fabyan,* 27 N. H. 529.

The opinion of the court was delivered by

HOYT, J.— This case presents many of the questions decided by this court in the case of *Hall & Paulson Furniture Co. v. Wilbur,* 4 Wash. 644 (30 Pac. Rep. 665), and so far as the principal questions involved is governed by that case. It is claimed on the part of the appellants, however, that some additional questions are presented by this record. To the extent that the record is made up of the pleadings, and the issues founded thereon, this is perhaps true, but when we look at such issues in the light of the proofs offered upon the trial, the decision in that case seems clearly to cover the case at bar. The main difference upon which appellants have founded their argument is that in that case the lessors of the property were in possession at the date of the lease, whereas in this one the allegation of possession was denied by the answer.

It is not necessary for the purposes of this case for us to decide as to what would be the effect upon the rights of the parties to a lease like the one under consideration, if it should be shown by the proofs that there was absolutely no possession of the property in the lessor at the time the lease was executed. It is true that plaintiff's allegation of possession was denied by the answer, but we think that

such possession (as would sustain the lease) was *prima facie* established by its introduction in evidence. In the absence of proof to the contrary it will be presumed that the lease when executed was valid and binding upon all the parties.

Its execution having been admitted, the burden of showing facts which would avoid its effect was upon the defendants. It was not necessary that the plaintiff should have alleged that he was in possession at the time the lease was executed. When he had alleged and shown that the lease was in fact executed, and that the rent due by the terms thereof had not been paid, he had made a *prima facie* case, and if the want of possession at the time he executed the lease constituted any defense thereto, the burden of alleging and showing such want of possession was on the defendants. If we construe the denial of the allegation of possession as equivalent to an affirmative allegation on the part of the defendant of the fact that the plaintiff did not have such possession, an issue was raised which would have entitled the defendants to have put in proofs showing that the plaintiff did not have possession when the lease was executed. This they did not do. They saw fit to allow the case to go to the jury without any proof whatever being put in on their part. It follows that the allegation of the want of possession in their answer could not avail them.

This is substantially the only difference between this case and the one above referred to, and as we have seen that the defendants are not benefited by their contention in regard to this question, it follows that this case must be governed by the decision in that one.

Judgment of the court below must be affirmed.

ANDERS, C. J., and SCOTT, STILES and DUNBAR, JJ., concur.