## OLIVER v. OLMSTEAD.

1. LEASE—ICE—RIGHT OF REMOVAL.
   The right to cut and remove ice may be leased by the owners of the bank adjoining the stream on which it forms.

2. PARTNERSHIP—DISSOLUTION—RENEWAL OF LEASE—STATUTE OF FRAUDS.
   A surviving partner has no power to renew a lease, executed by the firm, for a term of years, unless such action is necessary to close out the partnership business; and his attempt to do so without written authority from the heirs of the deceased partner is invalid.

Appeal from Shiawassee; Smith, J. Submitted February 11, 1897. Decided April 27, 1897.

Bill by Hiram E. Oliver against Fred C. Olmstead and another to restrain the cutting and removal of ice. From a decree dismissing the bill, complainant appeals. Affirmed.

*Lyon & Hadsall*, for complainant.

*Watson & Chapman*, for defendants.

MOORE, J. The bill in this case is filed for the purpose of settling the ownership of the ice which forms on a portion of the Shiawassee river. The river is a meandered stream. Dewey & Stewart were the owners of the land

on the north side of the stream.  August 18, 1890, they gave Oliver & Dudley a written lease to cut all the ice on that portion of the stream owned by them for the period of five years.  This lease was afterwards renewed for another five years, and Oliver succeeded to the rights of Dudley in it.  The consideration for the lease was the supplying of the families of Dewey and Stewart with ice. It is claimed that when the lease was renewed Stewart was dead.  The ice was furnished to Stewart as long as he lived, and after his death it was furnished to his heirs, who had attained their majority.  In the fall of 1895 the defendants made a verbal contract to buy about one acre of land of Dewey and the Stewart heirs, and paid $50 on the agreement.  At this time, they claim they did not know of the complainant's lease.  In November, the land having been surveyed, they entered into a written contract for the land.  At this time they knew of the existence of the lease, but were told by Mr. Dewey that Oliver would release his lease, so far as their land was concerned. The defendants made preparations to cut the ice, and this bill was filed to restrain them.  In their answer, defendants denied that Dewey & Stewart had any title in the stream, or to the thread of the stream, or to the ice that formed on the surface of the stream.  They also denied any knowledge of the lease when they made their purchase.  The circuit judge dismissed the bill of complaint. Complainant appeals.

We have no doubt of the right of Dewey & Stewart, the owners of the bank of the river, to the ice that might form upon its surface.  *Lorman* v. *Benson*, 8 Mich. 18 (77 Am. Dec. 435); *People's Ice Co.* v. *The Steamer Excelsior*, 44 Mich. 229 (38 Am. Rep. 246); *Grand Rapids Ice & Coal Co.* v. *South Grand Rapids Ice & Coal Co.*, 102 Mich. 227 (47 Am. St. Rep. 516), and the many cases cited therein.  This was a right they could lease to another.  The testimony is somewhat conflicting as to when knowledge of the existence of the lease came to the defendants, but the testimony is conclusive that before

they had obtained the written contract which gave them an interest in the land they had such notice of the lease that they were bound to take notice of its terms.

It is objected that the renewal of the lease was invalid, because Mr. Stewart was dead. The record discloses that the land was partnership land. The lease was renewed in the name of Dewey & Stewart; the signature thereto being made by Mr. Dewey, the surviving partner. After its renewal, Mr. Dewey and all the heirs of Mr. Stewart received one year's rent. It does not appear that the renewal of the lease was necessary to close out the partnership business. The law is well settled that the death of a partner dissolves the partnership. The law is also well settled that a lease for more than one year is void unless in writing, signed by the party by whom the lease is made, or by some person lawfully authorized by writing to make it. 2 How. Stat. § 6181; *Chesebrough* v. *Pingree,* 72 Mich. 438. Mr. Dewey was not authorized in writing by the heirs of Mr. Stewart to renew the lease, and we think his attempt to do so was invalid. It is probable that the acceptance of the rent by Mr. Dewey and the heirs of Mr. Stewart for the year in which the lease was attempted to be renewed would make the renewal good for that year. If so, complainant would be entitled to cut the ice crop for that year. It does not appear from the bill of complaint that any injury which the complainant might suffer if prevented from gathering the crop for one year would be sufficient to give the court jurisdiction to grant the relief he seeks, and it certainly would not justify the court in enjoining defendants from gathering ice for a longer period than the one year. We do not think the judge erred in dismissing the bill of complaint.

The decree is affirmed, with costs.

The other Justices concurred.