[No. 2703.   Decided March 26, 1898.]

AMOS F. TULLIS, *Appellant*, v. THE TACOMA LAND COMPANY, *Respondent*.

LANDLORD AND TENANT — TIDE LANDS — RIGHT TO PURCHASE.

A tenant of tide lands holding under lease from the upland owner could not, in the absence of fraud, acquire a prior right of purchase, under Gen. Stat., § 2172, as against his landlord, by making improvements thereon prior to March 26, 1890, even though the lessor had never been in actual possession of the tide land, if the lessee had no other claim of title than his possession under the lease.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge.   Affirmed.

*Henry Bucey, Henry Ford,* and *John C. Stallcup,* for appellant:

A lease of land the title to which remains in the government is void and courts will take judicial notice of same. Such a lease is either *mala prohibita* or *mala in se.*  A lessee is not estopped to deny his lessor's title when the land leased was public land, which is not subject of lease without right from the state.  *Welder v. McComb,* 30 S. W. 822;  *Sedgwick & Wait, Trial of Title,* § 851;  *Dupas v. Wassell,* 1 Dill. 213;  *Uhlig v. Garrison,* 2 Dak. 71;  *Borland v. Box,* 62 Ala. 87;  *Tribble v. Anderson,* 63 Ga. 31;  *Satterlee v. Mathewson,* 16 Pa. St. 169;  Gear, Landlord & Tenant, 166;  Taylor, Landlord & Tenant, 86, 707.

*Sullivan & Christian,* and *Crowley & Grosscup,* for respondent:

In this case the lessee admits that he took possession un-

der the lease, went into possession after the lease was execut-
ed, paid rent until April, 1893, and has never surrendered
the possession of the premises, or offered to surrender the
same to the lessor.  He does not claim to be the owner of
a paramount title existing at the time the lease was made,
but that at the time the lease was executed the tide lands
were held in trust for the future state.  Certainly the ap-
pellant, not having been in possession of the premises at
the time the lease was executed, in the absence of fraud,
could not, under the great weight of authority, deny the
existence of estoppel against himself. *Hagar v. Wikoff*, 39
Pac. 281; *Ricketson v. Galligan*, 89 Wis. 394; *Burgess
v. Rice*, 74 Cal. 590; *Eckles v. Booco*, 11 Colo. 522; *School
District v. Long*, 10 Atl. 769; *Ward v. Philadelphia*, 6
Atl. 263; *Tilyou v. Reynolds*, 108 N. Y. 558; *Voss v.
King*, 33 W. Va. 236; *Hamilton v. Pittock*, 27 Atl. 1079;
*Killoren v. Murtaugh*, 64 N. H. 51; *Parrott v. Hungel-
burger*, 9 Mont. 526; *California & O. Land Co. v. Munz*,
29 Fed. 837.

The opinion of the court was delivered by

REAVIS, J.—Appellant and respondent each filed
an application to purchase certain tide lands of the first
class lying in front of the city of Tacoma with the Board of
State Land Commissioners, appellant claiming the right to
purchase as an improver and respondent as upland owner.
The board of land commissioners awarded the right to pur-
chase to respondent and appeal was taken therefrom to the
superior court of Pierce county, and respondent awarded
the right to purchase by that court, from which judgment
an appeal was taken by appellant to this court.  Respond-
ent has moved to dismiss the appeal upon several grounds
relating to the regularity of the appeal from the board of
state land commissioners to the superior court.  Upon re-

viewing the record brought here we conclude the appeal can be maintained. Therefore the motion to dismiss is denied.

A number of errors are assigned by appellant, but the main contention between the parties, and the one which we think is decisive of the cause, is the relation existing between appellant and respondent at the time appellant's improvements were placed upon the tide land. Appellant maintains that the testimony shows that he made valuable improvements upon the tide land in question for the purposes of trade, commerce and business, prior to March 26, 1890, which improvements consisted of piling, capping, planking and filling, and the erection of two warehouses thereupon, and this fact is found by the superior court. But the superior court also found that the only improvements made by appellant and his associate Birmingham were made and placed upon the premises under a certain lease made the 20th of November, 1888, between respondent and appellant and Birmingham, in which respondent was lessor and appellant and Birmingham were lessees of the tide lands in controversy; that at that time the respondent was the owner of all the upland abutting and fronting on the tide lands in question, and that the respondent delivered the possession of such tide lands to appellant and Birmingham as their lessees; that no improvements of any character were made on said tide lands by appellant or Birmingham before the execution and delivery of the lease and the entering into possession under the lease, and that neither appellant nor Birmingham was ever in possession of such tide lands or any part thereof prior to the delivery and execution of the lease; that appellant and Birmingham after the execution and delivery of the lease and the erection of the improvements continued to pay rent to the respondent under the terms of the lease down

to, and including, the month of April, 1893; that appellant, who is the assignee of Birmingham, never at any time since the execution and delivery of the lease surrendered or offered to surrender the possession to the respondent, and that appellant was still in possession of such tide lands on the 15th of October, 1895, when he made application to purchase, and that he was still holding possession of the premises under and by virtue of the lease and not otherwise. The court also finds that no false or fraudulent representations of any kind were made by respondent or its officers or agents to appellant or Birmingham, its lessees, at or before the execution and delivery of the lease. After an examination of the testimony we cannot say that the findings of the superior court are incorrect. It is true the finding that the lessees went into possession of the tide lands in controversy under the terms of the lease is founded upon the fact that the lease was executed prior to the entry of the lessees upon the premises and that the lease itself declares among its other recitations:

" Whereas, the said lessor is now in the undisturbed and unqualified possession of the land hereinafter described, and

" Whereas, the said lessees are desirous of hiring the possession of said lands from the lessor,

" Now, this lease, witnesseth," etc.

The lease contains a clause that the lessees hire the premises to be occupied and used solely by them for the purpose of erecting thereon a wharf, warehouse and feed-mill, and that the premises shall not be used for any other purpose. The lessees also covenant in the lease that in any legal or equitable proceedings involving the rights expressed or implied under the terms of the lease the lessees covenant and agree to and with the lessor that they expressly admit

the ownership in fee of the lessor's successor or assigns of the tide lands embraced in the lease.

The only question, then, to consider is whether the tenant can dispute the covenant contained in the lease. As we have seen from the findings of the superior court there is no element of fraud involved in the execution or the delivery of the lease. It is maintained by counsel for appellant that this case can be distinguished from a number of cases heretofore decided by this court maintaining the general rule that, if a tenant has once recognized the title of a plaintiff and treated him as his landlord by accepting a lease from him, the tenant is precluded from showing that the plaintiff had no title at the time the lease was granted, in this, that the former cases here arose under a different state of facts, i. e., where the landlord delivered actual possession to the tenant or there was no proof at the trial upon the question of actual possession at the time of the execution and delivery of the lease; and it may be said that every phase presented by the case at bar has been before this court and adjudged against the contention of the appellant, except the single one of proof tendered against actual possession of the landlord at the time of the execution of the lease. And such cases, too, involved almost every nature of a lease to tide lands by the upland owner where the title to such lands was still in the state when the lease was executed. *Hall & Paulson Furniture Co. v. Wilbur*, 4 Wash. 644 (30 Pac. 665); *Collins v. Hall*, 5 Wash. 366 (31 Pac. 972); *McKenzie v. Woodin*, 9 Wash. 414 (37 Pac. 663); *Brown v. Carkeek*, 14 Wash. 443 (44 Pac. 887).

Appellant contends, however, that, under the rule announced in *Tewksbury v. Magraff*, 33 Cal. 237, and other California cases, where the tenant was in possession of the premises at the time when the lease was made, as he did

not enter under the lease from the plaintiff, he is not es-
topped from disputing the landlord's title. But appellant
does not bring himself within the rule announced by the
California case, if he was not in possession of the tide land
in controversy at the time of the execution of the lease, and
in *Peralta v. Ginochio*, 47 Cal. 459, the supreme court of
California says, referring to the adjudication in *Tewksbury
v. Magraff, supra*:

" The rule, in its operation, permits the tenant in such
case to dispute his landlord's title, by showing that his is
the better title. It is not enough to dispute it by aver-
ment, but proof is required on his part. The landlord, by
the production of the lease, makes a *prima facie* case, and
the burden of proof is cast on the tenant; and unless he
overcomes it by showing paramount title in himself, or
those under whom he claims, the landlord must prevail."

The record before us does not disclose any proof of any
character tending to show that appellant had any title or
had procured any title, or had any paramount, or any other,
claim of title to the disputed premises. The improver who
has a prior right to purchase under the law of 1890 is one
who made the improvements for himself and not in sub-
ordination to or under any one else. The intention to im-
prove thus must coincide with the fact of improvement.

The judgment of the superior court is affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ.,
concur.