Forgy v. Harvey.

---

## FORGY v. HARVEY.

[No. 18,565. Filed November 29, 1898.]

APPEAL AND ERROR.— *Assignment of Error.— Pleading.— Special Verdict.*—An assignment of error as to rulings upon pleadings need not be considered, where the same question arises on the special verdict. *p. 508.*

LANDLORD AND TENANT.—*Action for Possession.—Special Verdict.*— A finding in a special verdict in an action by a lessor against the lessee for the possession of the leased premises that lessee was the

owner of the leased premises subject to certain mortgages, one of which had been foreclosed, and that he was induced by fraud to enter into the lease, believing that such lease contained a stipulation that lessee might redeem the property after the expiration of the year of redemption will not support a judgment for defendant. *pp. 508-511.*

From the Cass Circuit Court.    *Reversed.*

*DeWitt C. Justice* and *G. E. Ross,* for appellant. *Nelson & Myers, McConnell & Jenkines* and *D. D. Dykeman,* for appellee.

HACKNEY, J.—This was an action for the possession of real estate alleged to be held over from the appellant as landlord by the appellee as tenant in breach of two certain leases.    In the lower court there was a trial, and, upon issues formed, and a special verdict in the form of interrogatories and answers a judgment was rendered for the appellee.    One assignment of error urged is upon rulings as to pleadings.    The question so urged, arising upon the special verdict, need not be considered upon the pleadings.    *Smith, Tr.,* v. *Wells Mfg. Co.,* 148 Ind. 333; *Woodward* v. *Mitchell,* 140 Ind. 406; *Wilmore* v. *Stetler,* 137 Ind. 127.    Facts found were to the effect that Harvey owned a tract of land in Cass county, subject to a mortgage for $6,000; that he borrowed an additional sum, which he secured by a second mortgage; that the latter mortgage was foreclosed, the property was sold, a certificate was issued and assigned to a Mrs. Crowell.    A deed was executed upon said certificate to Mrs. Crowell, who, through the appellant as her agent, leased said lands to the appellee, who joined therein on the 14th day of January, 1895. Later she executed to the appellant a deed of conveyance for said lands.    Still later the appellant became the owner and assignee of said $6,000 mortgage.    On July 29, 1895, the appellant and the appellee joined in a lease of said lands to the latter.

It was found that, to induce Harvey to make no redemption from said sale during the year for redemption, Forgy assured him that Mrs. Crowell did not want said lands and that he controlled the matter, and would make a contract with him for a redemption after the year; that in each of said two leases Harvey believed there was a stipulation that he "should pay Mrs. Crowell," in the first, and Forgy in the second lease, "the sum of $1,100.00 a year, in the form of rent for the real estate, and so much more as he could, with eight per cent. interest on the $6,000 mortgage, and upon the decree foreclosing the second mortgage, until the debt should be reduced one-half, then a deed should be made to Harvey for the land, and he to give his mortgage on the land for the balance, with eight per cent. interest." There were findings tending to excuse Harvey for executing the leases without reading them, and also as tending to establish a fraudulent purpose on the part of Forgy. It was upon these findings that Harvey succeeded in the lower court. It was not found that any other stipulation was omitted, nor that the leases contained any provision not intended by either party. There is no contention but that, in the absence of the agreement included in the above stipulation, the appellant would have been entitled to judgment for possession. The effect of the appellee's contention is to deny title in the appellant, and assert title in himself, subject to a foreclosure, against which he has the right of redemption.

Passing the question, somewhat doubtful, as to whether the above stipulation, if inserted in the lease, would give the right of redemption or would amount to more than a contract for the purchase of the land, we feel quite certain that the instrument would still create the relation of landlord and tenant. The belief

of the appellee that such a contract did not raise that relationship would not change the legal force of the instrument. The appellee knew of the outstanding color of title, and he knowingly contracted in the relation of a lessee and with another in the expressed relation of lessor. It is a well settled general rule that a tenant is estopped to deny the title of his landlord. 12 Am. & Eng. Ency. of Law, p. 701; Gear's Landlord & Tenant, section 165; *Epstein* v. *Grier*, 78 Ind. 348; *Pouder* v. *Catterson*, 127 Ind. 434.

The appellee's learned counsel concede the rule, but insist "that, if one in possession of land under a claim of title is induced to accept a lease through mistake, fraud, or trick of the lessor, the lessee is not estopped from setting up a title superior to that of his lessor." This is probably an exception. 12 Am. & Eng. Ency. of Law, p. 705; but, in our opinion, it has no application here, since the fraud, if any, in this case, did not affect the character of the instrument as a lease and in recognition of the lessor as the landlord. The omitted provision related to redemption or to purchase, and, when considered as a part of the instrument, does not change the relationship of landlord and tenant. There is no finding or inference that the appellee was overreached when, by the other provisions of the instrument, he assumed the relation of tenant, and acknowledged the appellant's relation of landlord. If the appellee is entitled to redeem under the contract when reformed, or if he may purchase, this is no excuse for denying the possession to which the appellant is entitled under the agreement. Nor do we understand appellee's learned counsel to insist that, under the issues, the instrument was wholly void by reason of the appellant's fraud, or that by reason of the fraud the agreement, including the omitted stipulation, should not prevail.

This contention, if made, would leave the appellant in the better attitude of holding title, with no obligation as to sale or redemption, and the appellee with a mere naked possession. In our opinion, the trial court erred in rendering judgment for the appellee. The judgment is reversed, with instructions to sustain the appellant's motion for judgment on the special verdict.