## PIPER v. CASHELL et al.

### (Circuit Court of Appeals, Ninth Circuit. May 4, 1903.)

#### No. 853.

1. EJECTMENT—LEASE—DURESS—PLEADING.

In an action for possession against a tenant he answered that he originally held under H., but that plaintiff's grantor procured or pretended to procure a judgment in a municipal court against defendant and H. for possession, and that the lessee threatened to enforce such judgment, and prosecute defendant in such court, which would have ruined defendant's business, unless defendant paid to such lessee $100, which he did; that such municipal court was without legal existence or competent jurisdiction, and no appeal could be taken therefrom, and that it was impossible for defendant to reach a court of competent jurisdiction to restrain the execution of the judgment. *Held*, that such allegations were insufficient to show that the sublease was voidable, as procured by threats and duress.

2. SAME—APPEAL—ASSIGNMENTS OF ERROR—EVIDENCE—TECHNICAL OBJECTIONS—SPECIFICATION.

An objection to the introduction of a lease in evidence—in an action by the landlord for possession, that the lease had not been pleaded as an estoppel, was a technical objection, which could not be reviewed where it was not specified in the assignments of error.

3. SAME—SUBTENANT—ESTOPPEL.

Where a tenant in possession of land under a lease takes a second lease from another lessor claiming title and right to possession hostile to the first lessor, and by reason thereof such tenant is allowed to remain in undisturbed possession of the premises, he is estopped from denying the second lessor's title before surrendering possession to him.

In Error to the District Court of the United States for the Second Division of the District of Alaska.

See 118 Fed. 1019.

The defendants in error brought an action against the plaintiff in error to recover the possession of a strip of land 16 feet wide and 140 feet long, situate in Nome, Alaska, alleging in their complaint that on June 28, 1899, D. W. Sullivan located and appropriated a parcel of land 50 feet wide and 150 feet long, which land was then unsurveyed, unoccupied, unappropriated public land of the United States subject to entry, occupation, and settlement for commercial and other purposes; that he entered upon said land, and built a residence thereon, and continuously resided thereon from said date until September 20, 1899, when he leased the same to Edward Rodee and Charles Shaw for a term beginning September 20, 1899, and ending on July 1, 1900, and that the lessees entered into the possession of said premises thereunder; that on October 16, 1899, and while the lessees were in such possession, the said Sullivan sold and conveyed, subject to the lease, the whole of the said premises, to the defendants in error; that the said lessees continued to reside upon and hold possession of said premises until February 1, 1900, when the said Rodee, in consideration of $100 paid him by the plaintiff in error and one G. B. Wood, who were partners in business under the name of Piper & Wood, sublet to said Piper & Wood the easterly 16 feet of said lot, the same being the premises in controversy; that under the said sublease Piper & Wood entered upon and took possession of the premises described therein; that before the expiration of their lease Piper & Wood dissolved their copartnership, and Wood released the possession to the plaintiff in error; that the term of the said sublease to Piper & Wood expired on July 1, 1900, but the plaintiff in error has continued to hold, and still holds, said premises wrongfully. The answer made denial of the most of these allegations, and set up an affirmative defense, alleging that in November,

1898, one Frank Hawks entered upon and took possession of and appropriated the ground subsequently claimed by Sullivan, and was in the actual use and occupation of the same until July, 1899, when he leased to Piper & Wood the easterly 16 feet thereof, they being then in possession thereof, and that from that date they continued in the actual exclusive occupation and possession thereof until Wood surrendered the possession to the plaintiff in error. The answer alleged that neither said Sullivan nor his lessees had ever been in the actual possession of said easterly 16 feet, and further alleged that said Sullivan "procured or pretended to procure" a judgment of the municipal court of Nome in an action pretended to have been tried therein against the said Frank Hawks and Piper & Wood for the possession of said easterly 16 feet, and that said Rodee threatened to have said judgment enforced, and Piper & Wood ousted from possession, and their improvements removed, and their business ruined, unless they would pay him the sum of $100, the said Rodee well knowing it would be impossible for said Piper & Wood to reach a court of competent jurisdiction to prevent and restrain him and the said court and its officers from enforcing said judgment; and that for the purpose of protecting their said business and improvements only, and not recognizing any right of said Rodee to said premises or the possession thereof, they paid him the sum of $100, well knowing that unless they did so he would carry out his threats; and that the said Rodee, taking advantage of the fact that there was no court of competent jurisdiction existing at said time, repeatedly threatened Piper & Wood with prosecution before the municipal court of Nome, a court without jurisdiction, and having no legal existence, and from which no appeal could be taken. The answer further alleged that prior to the commencement of the action said Frank Hawks conveyed to the plaintiff in error the said easterly 16 feet in controversy. Upon the trial of the issues so raised, the jury returned a verdict for the defendants in error, and judgment was entered thereon.

H. E. Shields and C. S. Hannum, for plaintiff in error.

Samuel Knight, Thomas H. Breeze, C. H. Oatman, C. S. Johnson, A. J. Daly, James E. Fenton, Page, McCutchen & Knight, and Campbell, Metson & Campbell, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Several of the assignments of error may be disposed of upon a consideration of the question whether or not the threat of evicting the plaintiff in error from the possession of the property in controversy as pleaded in the answer constituted such duress or threat as to render voidable the lease which he and Wood took from Rodee and Shaw on February 1, 1900. The gist of these averments, as they must be construed in view of the uncertainty of some of them, is that Sullivan procured a judgment in the municipal court of Nome in an action which he brought against Hawks, Piper, and Wood, and threatened to enforce the same. It is not alleged that the court was without jurisdiction of the subject-matter or of the parties to the action. It is true it is said that the action was a pretended one, but wherein the pretense consisted is not pointed out. It is alleged also that the plaintiff in error was threatened with prosecution before the municipal court of Nome, "a court without jurisdiction, and having no legal existence." The most that can be said of this allegation is that the court was without jurisdiction of such criminal prosecution, and that at that time it had no legal existence. These aver-

ments are insufficient to show that the judgment was not a judgment of de facto court, and valid at the time when it was rendered, or that it was incapable of lawful enforcement. The answer, moreover, fails to aver that the lease was made under such threats or alleged duress. It alleges only that the $100 was paid under the detailed circumstances.

It is assigned as error that the court admitted in evidence a lease made on December 12, 1899, between the defendants in error, as lessors, and Piper & Wood, as lessees, whereby the former demised to the latter the strip of land in controversy for a term beginning with that date and expiring June 1, 1900, and wherein the lessees covenanted to surrender up said premises at the expiration of the term. The assignments of error do not specify any ground of objection to the admission of this evidence. The objections can only be ascertained by searching the record. This the court will decline to do where the objection is purely technical. Grape Creek Coal Co. v. Farmers' L. & T. Co., 12 C. C. A. 350, 63 Fed. 891; Atchison, T. & S. F. R. R. Co. v. Mulligan, 14 C. C. A. 547, 67 Fed. 569; Esterly v. Rua (C. C. A.) 122 Fed. 609. The objection urged in the brief of the plaintiff in error on the presentation of the case in this court is that the lease had not been pleaded as an estoppel. This objection is clearly technical. The lease was the act and deed of the plaintiff in error, and he must be presumed to know what he did. There was no occasion to advise him thereof by the replication.

There are several assignments of error which raise the question whether a tenant who, while in possession of land under a lease, takes a second lease from another lessor claiming title and right of possession hostile to that of the first, and who, in consequence of said second lease, is allowed to remain in the undisturbed possession of the premises, is estopped from denying the second lessor's title to the land before surrendering possession to him. The plaintiff in error cites decisions of the Supreme Court of California to sustain the proposition that, where the tenant did not take possession under the lease, but was already in possession, he is not estopped to deny the lessor's title. Tewkesbury v. Magraff, 33 Cal. 237; Franklin v. Merida, 35 Cal. 558, 95 Am. Dec. 129; Davis v. McGrew, 82 Cal. 135, 23 Pac. 41. The court of California stands practically alone in asserting this doctrine. The overwhelming weight of authority is against it. Lucas v. Brooks, 18 Wall. 436, 21 L. Ed. 779; Carter v. Marshall, 72 Ill. 609; Buchanan v. Larkin, 116 Ala. 431, 22 South. 543; Mitchell v. White, 74 Ga. 327; Forgy v. Harvey, 151 Ind. 507, 51 N. E. 1066; Bowdish v. Dubuque, 38 Iowa, 341; Kelley v. Kelley, 23 Me. 192; Tullis v. Tacoma Land Co., 19 Wash. 140, 52 Pac. 1017; Campau v. Lafferty, 43 Mich. 429, 5 N. W. 648; Hawes v. Shaw, 100 Mass. 187; Parrott v. Hungelburger, 9 Mont. 526, 24 Pac. 14; Jackson v. Ayers, 14 Johns. 224; Hamilton v. Pittock, 158 Pa. 457, 27 Atl. 1079.

We find no error in any of the rulings of the District Court, and we affirm the judgment.