## Hamilton *v.* Pittock, Appellant.

158     457
21 SC   366

*Lease—Landlord and tenant—Denial of title of landlord.*

A lessee of an oil lease, who takes a second lease of the same premises from a person claiming adversely to the original lessor, cannot refuse to pay the rent under the second lease on the ground that the lessor in the first lease had the better title to the land.

Argued Oct. 31, 1893. Appeal, No. 196, Oct. T., 1893, by defendant, Thomas R. Pittock, from judgment of C. P. No. 2, Allegheny Co., July T., 1892, No. 150, on verdict for plaintiff, John H. Hamilton. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit on oil lease. Before EWING, P. J.

At the trial it appeared that, on Jan. 14, 1891, plaintiff made an oil lease for a portion of his land to John H. Gailey. The lease described the land as bounded on one side by Back river, a side channel of the Ohio river, with bars, watercourses and small islands thereunto belonging, containing ten acres, more or less. Gailey subsequently assigned the lease to the defendant. Prior to the date of this lease the heirs of Archibald Hamilton made an oil lease to defendant of certain lands, consisting of three islands in the south channel of the Ohio river, known as the Hamilton islands, containing twenty-five acres more or less. Defendant claimed the prior lease included the land covered by the latter, and that the well was not on the latter lease.

A large amount of conflicting evidence was admitted as to the question of title and boundaries, high and low water, etc., and as to the location of the well. The lease from plaintiff provided for a rental of $500 for each well on the tract leased.

The court charged in part as follows:

" [Now this is not a question of actual title between Mr. Hamilton, the plaintiff, and the other Hamiltons. If it was, I will say to you that with the testimony now before us, my impression would be against the plaintiff; that the weight of the testimony, it seems to me, is that there was an island here, a small island, lying along in rear of this land of Hamilton, in the Back river from Neville island, with a distinct channel between

them.    The filling up of that channel would carry his title over
beyond the island, that is my impression; but, as I told you
before, that is not the question in this case, and for two reasons
—there is a general rule of law founded on good morals and
honesty that a man cannot dispute the title of his landlord;
having taken a lease of the premises he cannot be allowed to
show, while he is in possession, during the period of the lease,
that his landlord has no title.    He must go out.    A man may,
if he sees fit, where there are conflicting titles, take a lease from
each of the owners of it, and if he is not deceived by assertions
in regard to the matter he would have to pay both.] [1]

" [In this case, if Mr. Pittock obtained a lease from the Ham-
ilton heirs, who claim adverse title, and probably have one
against John H. Hamilton, and being about to bore and boring
for oil and gas, and knowing of an outstanding title or claim
made in good faith by John H. Hamilton, to be certain of his
possession got an assignment of this lease made by John H.
Hamilton, then he is bound to pay the amount specified in the
lease, if he bored on John H. Hamilton's lease—if he bored on
ground covered by that lease.] [2]    [Now, that is the question
for you to determine, and not, I repeat, the question as to the
title between John H. Hamilton and the heirs of his brother.
But you determine whether or not this well is on the land that
is included in this description of the forty feet in width, extend-
ing the full distance of the farm, and then with all its accumula-
tions, bars, watercourses, small islands, etc., thereunto belonging,
containing ten acres, more or less.] [3]    The ten acres is not
binding, it is simply some indication of what was understood
to be included in it, and you will take the case and render the
verdict that you think the testimony requires."

Verdict and judgment for plaintiff for $550.    Defendant ap-
pealed.

*Errors assigned* were (1–3) instructions, quoting them.

*James Fitzsimmons, John S. Robb* and *John H. Mueller* with
him, for appellant, cited: Gill v. Weston, 110 Pa. 312; Cald-
well v. Copeland, 37 Pa. 427; Harlan v. Lehigh Coal & Nav.
Co., 35 Pa. 287; Scranton v. Phillips, 94 Pa. 15; Kitchen v.
Smith, 101 Pa. 452; R. R. v. Sanderson, 109 Pa. 583; Mon-

tooth v. Gamble, 123 Pa. 240 ; Palmer v. Farrell, 129 Pa. 162 ; Chicago & Allegheny Oil & Mining Co. v. United States Petroleum Co., 57 Pa. 83 ; Duke v. Hague, 107 Pa. 57 ; Kyle v. Giebner, 114 Pa. 381 ; Brown v. Beecher, 120 Pa. 590.

*J. W. Hall, J. C. Slack* with him, for appellee.

PER CURIAM, November 13, 1893 :

This case involved a question of fact which was properly submitted to the jury.    Neither of the specifications of error is sustained.

Judgment affirmed.