## Reilly, Appellant, *v.* Crown Petroleum Company.

*Actions—Mesne profits—Action for, after recovery in ejectment—Trespass
—Assumpsit—Oil and gas lease.*

A plaintiff who by ejectment has recovered possession of land cannot
maintain an action of assumpsit for the value of oil mined upon the land by
the defendant while in possession. Trespass for mesne profits is the ap-
propriate remedy.

Assumpsit cannot be sustained unless there is an express contract or the
facts are such that the law will imply a contract.

Argued Nov. 3, 1905.    Appeal, No. 206, Oct. T., 1905, by
plaintiffs, from judgment of C. P. No. 3, Allegheny Co.,
Aug. T., 1905, No. 782, sustaining demurrer in suit of John
C. Reilly et al. v. Crown Petroleum Company.    Before MITCH-
ELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART,
JJ.    Affirmed.

Assumpsit to recover mesne profits.    The court below, MC-
CLUNG, J., sustained the demurrer to plaintiffs' statement of
claim.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant, on
demurrer.

*J. McF. Carpenter,* for appellants, cited : Finney v. Mc-
Mahon, 1 Yeates, 248 ; Lee v. Gibbons, 14 S. & R. 105 ; Mc-
Cullough v. McCullough, 14 Pa. 295 ; Deysher v. Triebel, 64
Pa. 383 ; Dundas v. Muhlenberg's Executors, 35 Pa. 351 ;

Heaton v. Findlay, 12 Pa. 304; Balliet v. Brown, 103 Pa. 546; Bethlehem Boro. v. Fire Co., 81 Pa. 445; Kimble v. Carothers, 81 Pa. 494; Winton Coal Co. v. Pancoast Coal Co., 170 Pa. 437; Darrah v. Baird, 101 Pa. 265; Hindmarch v. Hoffman, 127 Pa. 284.

*R. B. Ivory*, with him *Charles G. Kiskaddon*, for appellee, cited: Osbourn v. Osbourn, 11 S. & R. 55; Drexel v. Man, 2 Pa. 271; Newell on Ejectment, 616; Irvine v. Hanlin, 10 S. & R. 219; Hopkinson v. Cooper, 8 Phila. 8; 15 Am. & Eng. Ency. of Law (2d ed.), p. 1112.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1906:

This is a demurrer to a statement in an action of assumpsit brought to recover $6,818.28, "the profits of sales of oil belonging to plaintiffs." The facts upon which the plaintiffs rely to sustain the action appear by the statement to be as follows: The plaintiffs were the owners of an oil and gas lease of sixty acres of land in Beaver county, Pennsylvania. While they were engaged in operating upon the land and producing oil therefrom the defendant company, in July, 1904, entered on the land and began preparations for drilling an oil well. The plaintiffs then served a written notice on the defendant company to the effect that they were the owners, by lease, for oil and gas purposes, of the premises, that the company must remove therefrom its drilling apparatus placed by it "upon the said lease at or near the line of F. S. Laughlin, and upon a portion of the premises included in the lease," and that it had no right to occupy the premises and must not drill thereon. The defendant disregarded the notice, refused to vacate the premises, and proceeded with the work of drilling a well which produced oil of the value above stated. The plaintiffs then "brought an action of ejectment, which was so proceeded in that a verdict was recovered by plaintiffs against defendant on which judgment was entered and thereafter, on appeal to the Supreme Court, judgment was affirmed." Having recovered possession of the land by the action of ejectment, the plaintiffs instituted this action of assumpsit to recover the value of the oil mined and taken from the premises by the defendant company.

The defendant demurred to the statement and assigned as cause of demurrer that " the statement of claim discloses affirmatively that no contractual relationship existed between the plaintiffs and the defendant, and that if the defendant is accountable to the plaintiffs at all, such accountability arises upon an action for mesne profits, and therefore the action should be in trespass and not in assumpsit." The learned court below sustained the demurrer and, in his opinion, correctly held that the only question raised by the demurrer is : " Can a plaintiff who, by ejectment, has recovered possession of land, recover mesne profits in an action of assumpsit ? "

This question is settled alike by reason and authority. A plaintiff cannot maintain an action of ejectment when he is in possession of the premises. In bringing the action of ejectment, therefore, the plaintiffs admitted the defendant in possession of the land at least for the purpose of mining and producing oil and removing it from the premises. The action resulted in a judgment ousting the defendant company from the possession for oil purposes which must be regarded as having been held adversely to the plaintiffs. During the time the defendant company held possession, it drilled the well and took the oil for which this action was brought. It is the profits or proceeds of the land taken by the defendant during its adverse holding of the premises which the plaintiffs have the right to recover. It is therefore clear that assumpsit will not lie. This action cannot be sustained unless there was an express contract or the law will imply a contract: Bethlehem Borough v. Perseverance Fire Company, 81 Pa. 445 ; McCloskey v. Miller, 72 Pa. 151. Here, it is admitted, there was no contractual relation between the parties. It is also clear that the facts attending the possession of the premises and the taking of the oil by the defendant company are not such that the law will imply a contract on the part of the defendant company to pay for the oil which it took. On the contrary, the facts repel any inference of an agreement on the part of the defendant company to pay for the oil taken by it, and conclusively show that the defendant company had the actual adverse possession of the land for oil purposes during the time the oil was taken from it. Under such circumstances, the law will not imply a contract by the occupant to pay for the profits

of the land taken during his adverse possession of the property.

It is well settled by a long line of decisions of this court that after a recovery in ejectment, trespass is the proper remedy to recover mesne profits of land taken by an adverse claimant in possession of the premises. Mather v. Trinity Church, 3 S. & R. 507, was trover for stone and gravel taken and removed from the land by a person in actual adverse possession of it. It was there held that neither trover nor trespass would lie but that the plaintiff " would not be without remedy, for he might first recover possession by ejectment, and then recover the mesne profits in an action of trespass." Baker v. Howell, 6 S. & R. 475, was assumpsit for money had and received. The plaintiff sought to recover for sand taken by defendant from land to which both parties claimed title. The defendant sold the sand and, as here, the action was assumpsit to recover its value. It was held that the action would not lie. These two cases were cited and followed in Brown v. Caldwell, 10 S. & R. 114, which was replevin for slate taken from a quarry on land " in the actual, visible, notorious occupation and possession " of the defendant who claimed the right to take the slate. It was held that ejectment was the plaintiff's remedy and that replevin could not be sustained. Part of the reasoning of the court in this case has been criticised, but not the decision, which has been approved in Harlan v. Harlan, 15 Pa. 507. Trespass for mesne profits was the form of action in Ege v. Kille, 84 Pa. 333, which was brought, after a recovery of the land by the plaintiff in ejectment, for profits derived from ore mined and carried away by the defendants.

In National Transit Company v. Weston et al., 121 Pa. 485, the plaintiffs below, who were the defendants in error in this court, brought trover to recover the value of crude petroleum oil which had been produced upon a leasehold held by one Gill and delivered to defendant company for transportation which redelivered it to Gill. The premises had been recovered by the plaintiffs from Gill by ejectment prior to bringing the action against the transit company for the value of the oil. The trial court held that trover would lie but, on a writ of error, the judgment was reversed. In the opinion of this court, GREEN, J., says (p. 495): " The only remaining question is

whether trover would lie to recover the value of the oil removed from the premises by Gill during the period of his possession. He was certainly in the actual, adverse, hostile possession of the land, claiming by color of title, and removed the oil in the exercise of his colorable title. The oil was a part of the profits of the land, as much so as growing crops. . . . Prior to the Act of May 15, 1871, P. L. 268, neither replevin nor trover would lie for the recovery of articles severed from the freehold by an adverse claimant in possession, the proper remedy being ejectment, and for mesne profits." This case was approved and followed in Giffin v. South West Pennsylvania Pipe Lines, 172 Pa. 580. That was an action of assumpsit to recover from the defendant, a pipe line company, the value of certain oil which had been produced on land not at the time in the possession of the plaintiff, but which was in the adverse possession of a company which produced and claimed title to the oil. This court held that the action would not lie and that a verdict should have been directed for the defendant. The syllabus of the case, which correctly states the decision, is that "a part owner of oil land cannot maintain an action of assumpsit against a pipe line company to recover the value of oil delivered to the company by a person in possession of the land and holding adversely to the plaintiff." In the opinion it is said (p. 585) : "This being the state of the testimony, we think the case comes within the line of decisions of which the National Transit Company v. Weston, 121 Pa. 485, is a pertinent illustration, in which it was held that neither trover nor replevin would lie to recover the value of oil removed from the premises by one who was in the adverse possession of the land, during the time of his possession." GREEN, J., in his opinion, cites the cases above referred to with others to sustain the principle and quotes at length from Justice TILGHMAN's opinion in Mather v. Trinity Church, 3 S. & R. 507, in which it is held that trover will not lie for stone and gravel taken from land in the adverse possession of another, but that the proper remedy is ejectment for the premises and trespass for the mesne profits.

The principle of the above cases is recognized in the very recent case of Crawford v. Forest Oil Company, 208 Pa. 5, which was trespass by the plaintiffs for the illegal taking and carrying away of oil from the premises by the defendant com-

pany. The case was tried before the court without a jury. The court found as a fact that at the time the oil was taken by the defendant company, the plaintiffs were in possession of the premises, and that there was no evidence that during that time the defendant was in adverse possession of the premises under color of title. It was held that trespass for the oil would lie. In the opinion of the trial court, approved by this court, it said (p. 15) : " The wrongful taking of oil in the pipe lines, if nothing more appeared in the case, would be the wrongful taking of personal property and either of the first two actions named (trover and trespass) would be a proper remedy ; but if this oil, before it reached the pipe lines, had been severed by the wrongdoer from the land where nature stored it, then the wrongful taking of it would be a wrong that would involve the question of the possession of the land out of which the oil was taken, or of the oil in situ which is in a sense real estate. In the case at bar the defendant company severed the oil from the land, therefore we take it that the plaintiffs' statement and the proof thereunder to sustain the action at bar ought to be sufficient to support either an action of trespass quare clausem fregit, or an action of trespass for mesne profits. To sustain either of these actions, title and actual possession or the right to immediate possession are involved. If the defendant is in possession and is a wrongdoer without claim of title, title and the right to immediate possession in the plaintiffs are sufficient to maintain an action of trespass quare clausem fregit. If the defendant is in adverse possession under color of title, the plaintiff must first establish his title in an action of ejectment. If he succeeds and regains possession, then he is in position to maintain and prosecute to judgment an action of trespass for mesne profits."

Applying the principles of these cases to the facts of the case in hand, we are clear that assumpsit will not lie for the oil which the defendant company mined and produced on the leasehold of the plaintiffs while the premises were in the actual adverse possession of the company.

The assignments of error are overruled and the judgment is affirmed.