# Lewis et al. *v.* United Natural Gas Co., Appellant.

*Practice, C. P.—Actions—Assumpsit—Gas leases—Rentals.*
Assumpsit lies to recover rent due on a gas lease.

*Estoppel—Ignorance of facts—Location of well.*
In such action if it appears that both parties acted in ignorance of the location of the boundary line, that both had the same access to the source of information, that either might have ascertained the facts at an earlier time, and neither did, the defense of estoppel is not available.

*Gas leases—Construction—Free gas.*
Where the lease provides that lessor shall have "gas free of cost to heat three stoves in dwelling house" it was the duty of the lessor to demand the gas and to put himself in a position to receive it at or about the well.   Not having done so the lessee is

not in default and the lessor is not entitled to recover the value of the gas so to be furnished.

PORTER and KELLER, JJ., dissent.

Argued April 14, 1920. Appeal, No. 66, April T., 1920, by defendant, from judgment of C. P. Armstrong County, June T., 1917, No. 183, on verdict for plaintiff in the case of Lemuel C. Lewis and W. H. Lewis, for the use of Lemuel C. Lewis, v. United Natural Gas Company, a corporation. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Modified.

Assumpsit to recover rentals under a gas lease. Before KING, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,298.80 and judgment thereon. Defendant appealed.

*Errors assigned* were the various rulings on evidence, the charge of the court, answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*H. A. Heilman,* and with him *C. Z. Gordon,* for appellant.—The issue in the case is one of title, and assumpsit is not the proper action: Reilly v. Crown Petroleum Company, 213 Pa. 595; McCullough v. Ford Natural Gas Co., 213 Pa. 110; Samuel Giffin v. South West Pa. Pipe Lines, 172 Pa. 580; Baker v. Howell, 6 S. & R. 476; Harlan v. Harlan, 15 Pa. 507; Lehman v. Kellerman, 65 Pa. 489; Lewis v. Robinson, 10 Watts 338; Mather v. Trinity Church, 3 S. & R. 509; Brown v. Caldwell, 10 S. & R. 114; Irvine v. Hanlin, 10 S. & R. 220.

The plaintiff is estopped from claiming title to the land on which the well is located: Pederick v. Searle, 5 S. & R. 236; Wyoming Coal & Transportation Co. v. Price, 81 Pa. 156; Swint v. The McCalmont Oil Co., 184

Pa. 202; Enterprise Transit Co. v. Hazlewood Oil Co.,
20 Pa. Superior Ct. 127; Church v. Ruland, 64 Pa. 432;
Kuhn v. Nixon, 15 S. & R. 118; Millingar v. Sorg, et al.,
55 Pa. 215.

*C. E. Harrington,* and with him *Harry C. Golden,* for
appellee.—The issue in the case is not one of title, but to
recover the rentals under the lease and assumpsit is the
proper form of action: MacDonald v. O'Neil, 21 Pa.
Superior Ct. 364; Hamilton v. Pittock, 158 Pa. 457.

Where both parties were equally ignorant of the facts
the plaintiff is not estopped from recovering damages:
Enterprise Transit Co. v. Hazlewood Oil Co., 20 Pa. Su-
perior Ct. 127; Tonge v. Item Publishing Co., 244 Pa.
417.

The provision for free gas under the lease entitled the
plaintiff to judgment for the value of the gas: Pitts-
burgh v. Bridgewater Gas Co., 45 Pittsburgh Legal Jour-
nal 171; Boal v. Citizens Natural Gas Co., 23 Pa. Su-
perior Ct. 339.

Opinion by Linn, J., July 14, 1920:

This is an appeal by defendant from the judgment en-
tered on a verdict for plaintiff in an action of assumpsit,
brought to recover the amount due on a so-called oil and
gas lease.    Plaintiff and his brother (whose rights have
passed to plaintiff) owned some sixty acres of land and
in March, 1899, leased a part to defendant's assignor,
who appears to have been in possession under a prior
lease from the same lessors.

In the lease, the land was described as "All that cer-
tain lot......bounded and described as follows, to wit:
North by lands of Robert Hays heirs and Adam Burns;
East by lands of Robert Hays heirs and William M.
Cully; South by lands of first parties; West by lands
of Uhl heirs, containing 30 acres more or less......" It
was also agreed: "If gas only is found second party
agrees to pay $100 each year in advance for the product

of each well while the same is being used off the premises and the first party to have gas free of cost to heat three stoves in dwelling house during the same time." . . . . . . "In case no well is completed within four months from this date, then this grant shall become null and void unless second party shall pay to said first parties $30 in advance for each year thereafter such completion is delayed." " . . . . . . This lease shall take effect immediately after lease now on same land expires, which is July 6, 1899."

The question in this case is whether a certain gas well drilled by defendant's assignor is on the land leased, plaintiff claiming that it is and defendant claiming that it is not within the boundaries described in the lease, but that it is north of the northern boundary, and therefore on land of Adam Burns.

In 1896 defendant's assignor became lessee under Adam Burns of the tract of land adjoining the Lewis tract, the Burns tract being described in the lease as bounded on the "South by lands of Lewis Brothers." In 1897 the gas well was drilled near this dividing line. Parts of the Lewis and Burns tracts were used for farming, but the land in the neighborhood of the gas well was uncultivated, wild and thickly wooded. There was evidence that the foreman of defendant's assignor while drilling the well told plaintiff that the well was on the Burns tract, and plaintiff knew that Burns was collecting royalty on that assumption. The dividing line between the Lewis and Burns tracts while held by predecessors in title was marked on the ground by a surveyor in 1875, since which time the marks became very much obliterated.

In 1908 defendant became assignee of the leases of both tracts and continued to operate the gas well. Under the impression that the well was on the Burns tract, plaintiff had been accepting from defendant the sum of $30 per year under the provision requiring payment at that rate, until in 1915 when he discovered that the gas

well was on his land and not on the Burns tract, when he demanded royalty at the rate of $100 per year under the other provision quoted, for the period of defendant's occupation.  Payment being refused, he brought this suit to recover at that rate, allowing credit for the amount paid, and also claiming for the value of the so-called gas privileges for three stoves, of which he alleged he had been deprived.

At the trial both sides offered evidence to identify on the ground the dividing line marked by the surveyor in 1875.   The line is described by witnesses as so "difficult to follow" "because the whole thing is timber and brush" across "two ravines and two hills" that "no ordinary man can go out in the woods and be able to tell where that line is."   According to the evidence offered on behalf of plaintiff, the well was on his land twenty-two feet from the boundary; according to the evidence of the defendant, it was just across the line on the Burns tract.   The verdict of the jury establishes plaintiff's allegation.

Defendant contends:  (1) That assumpsit will not lie, or as stated by the learned counsel for appellant "the main question at issue in this case is a question of title to real estate; the wrong form of action has been instituted and the action would lie only in ejectment against the owner of the property of Adam Burns and his successor in title";  (2) that "plaintiff is estopped from claiming title to the land upon which the well is located";  (3) that having made no demand for gas "to heat three stoves" he can recover nothing under that provision.

1. None of the authorities cited support the first contention.  Reilly v. Crown Petroleum Company, 213 Pa. 595, does not support appellant; there it appeared that after title was established by ejectment, trespass for mesne profits and not assumpsit for the value of oil wrongfully taken from the land was held to be the proper

remedy; what the court said on page 597 about the absence of contractual relation supports appellee. Ejectment is essentially a possessory action; here plaintiff seeks neither possession nor mesne profits; the claim is for the amount due under a contract. Defendant is not a trespasser but is in possession under the lease; it has never surrendered, and it does not claim possession adversely to Lewis. Holding something under the Lewis lease, defendant as against Lewis cannot deny the Lewis title to any part of the property the possession of which it secured under that lease: MacDonald v. O'Neil, 21 Pa. Superior Ct. 364; Hamilton v. Pittock, 158 Pa. 457 (somewhat more fully reported in 27 Atl. Rep. 1079), a position demonstrating as inapplicable the line of cases cited by defendant beginning with Mather v. Trinity Church, 3 S. & R. 509, none of which deal, as this case does, with admitted possession under a title which cannot be questioned, but with rival claimants for the same land under different titles. It is true defendant avers that the gas well is on the Burns tract and not on the Lewis tract, but that merely asserts a fact to be ascertained; i. e., the location of the well with regard to the boundary, and that becomes obvious upon examination of the dividing line marked on the ground. Such examination disclosed the well to be on the Lewis tract twenty-two feet from the boundary. A relevant dividing line like any other relevant fact, may be established in an action of assumpsit: Hamilton v. Pittock, supra. We cannot sustain any of the assignments of error on this branch of the case.

2. We must also overrule the assignments to the refusal to charge on estoppel as requested and to the affirmance of plaintiff's point on that subject. In the record it appears that the parties apparently acted in ignorance of the location of the line on the ground; they had the same access to the sources of information; either might have made certain earlier; neither did; the defense of estoppel was not made out: Enterprise Transit

50    LEWIS *v.* UNITED NAT. GAS CO., Appellant.

Opinion of the Court—Dissenting Opinion. [75 Pa. Superior Ct.

Co. v. Oil Co., 20 Pa. Superior Ct. 127; Tonge v. Item Publishing Co., 244 Pa. 417, and cases there cited.

3. We must sustain the six assignments objecting to the recovery of the value of "gas free of cost to heat three stoves in dwelling house during the same time." Under the contract, it was the duty of plaintiff to demand the gas and to put himself in position to receive it at or about the well. Not having done that, defendant is not in default. As the jury itemized its verdict, and on this branch of the case found as an item "heating at $50 per year for 9 years, $491.40," we can deduct that sum and correct the error here without returning the record for a retrial.

The judgment appealed from is now set aside, and judgment is directed to be entered for plaintiff for $807.30 with interest from March 7, 1919, the date of the verdict.


DISSENTING OPINION BY KELLER, J.:

The opinion of the majority of the court is based on the assumption that the defendant is in possession of the gas well in suit under the lease from the plaintiff.

The undisputed evidence, however, is that the defendant, or its predecessor in title, went into possession of the land in dispute in 1896, as tenant of Adam Burns, drilled the gas well in 1897 under the Burns lease, and made no lease with the plaintiff until 1899, nearly two years after the well was drilled and producing gas.

The suggestion in the opinion that defendant's assignor appears to have been in possession under a prior lease from the plaintiff is without sufficient evidence to support it, and it was not so averred in the pleadings. There is nothing to connect defendant's assignor with the lease expiring July 6, 1899, referred to in plaintiff's lease.

The well had, therefore, been in the possession of defendant (or its assignor), as tenant of Burns long before the plaintiff's lease was executed, and the possession of

Burns and his tenant was frankly admitted by the plaintiff in his testimony: "I always thought it [the well] was on the Burns farm." (p. 14a), and p. 30a: "Q. You knew that Mr. Burns was getting the royalty on that well? A. Yes, sir. Q. And he was in possession of that well? A. Yes, sir, at that time he was. Q. All those years. A. Yes, sir." It is thus apparent that the defendant (or its assignor), did not take possession of the land or drill the well under, or by virtue of, the Lewis lease, and did not lease the adjoining land from Lewis because of any conflict as to the title of the land and well. It was not until 1915, or nearly eighteen years after the well was drilled and producing gas that Lewis, by reason of a survey made for him by one Mast, first disputed Burns's possession, and claimed that his line ran northeastward of the long accepted boundary and embraced the defendant's gas well; and even then he took no legal proceedings to oust Burns of his long continued possession.

The royalty from the well has been paid to Burns since 1897, in accordance with his lease, and must continue to be paid, for having entered on the land and drilled the well as Burns's tenant, the defendant is estopped from denying its landlord's title. But Lewis is by this action in assumpsit claiming the rent or royalty since 1899, because of his alleged discovery that the well is on his land and not Burns's, and contends that the lease made nearly two years after its drilling automatically applies to it,—though not within the contemplation of the parties when it was executed—and by some legal sleight of hand transferred the possession of the well from Burns to him.

It is clear that if the defendant had never become a tenant of Lewis's the latter's rights, if the gas well is actually located on his land, would have to be enforced by action of ejectment: Hicks v. American Natural Gas Co., 207 Pa. 570, pp. 576, 578 and 579; Crawford v. Forest Oil Co., 208 Pa. 5, p. 15; Barnsdall v. Bradford Gas

Co., 225 Pa. 338; or by action in trespass: Enterprise Transit Co. v. Hazlewood Oil Co., 20 Pa. Superior Ct. 127. Assumpsit for rentals or royalties would not lie: Reilly v. Crown Petroleum Co., 213 Pa. 595. These principles are not affected by the circumstance that the defendant, (or its assignor), took from Lewis a lease which neither party at the time intended to apply to or include the well in question. Nor did the fact that this lease called for Burns's land as an adjoinder on the north operate to take the land from Burns and put it into possession of Lewis, to whatever line Lewis or his surveyor,—or even a jury in an action of assumpsit—, might conclude his boundary extended.

I have no fault to find with the statement in the opinion that "The defendant cannot deny the Lewis title to any part of the property the possession of which it secured under that lease," but I have already pointed out that the defendant did not secure possession of the gas well under the Lewis lease, but under the Burns lease, and therefore, has a right to deny Lewis's title to it until it has been established by appropriate proceedings in ejectment, and is not estopped from doing so: Pederick v. Searle, 5 S. & R. 236; Wyoming Coal and Transp. Co. v. Price, 81 Pa. 156; nor is it bound to surrender its lease for the land which it actually holds as tenant of Lewis in order to defend against a claim for rent covering premises which it went into possession of as tenant of Burns and still holds under him.

The case of Hamilton v. Pittock, 158 Pa. 457, relied on by the appellee and the court is not in point. There one who was in possession of land as tenant under a lease having notice of a conflict of title, took a lease from the adverse claimant and was held to be estopped from denying the latter's title as landlord when sued for rent. The syllabus of the same case in 27 Atl. 1079, states the point decided better than in the State Reports: "A lessee of land, who hearing of a conflict of title, also takes a lease from the adverse claimant, is estopped to

deny the title of the adverse claimant, when sued for the rent." No such situation exists here. Neither of the parties at the time the Lewis lease was executed contemplated or imagined that the gas well then in the defendant's possession and operation, was on Lewis's land, or that he had any rights or claim of right to it. He first ascertained his alleged rights and asserted his claim eighteen years later when his surveyor located a corner tree northeastward of the corner as fixed by Burns, and thereby added about twenty acres, including the well in question, to the area called for by Lewis's deed.

Despite the assertions of the court below that the jury was not trying the question of title to the land, that was the only question at issue on the trial and instead of trying it in an action of ejectment, the plaintiff was endeavoring to do it in an action of assumpsit. In this action the defendant could not call on Burns to defend his title and therefore could not adequately present its case and show that the land belonged to Burns, and not to Lewis, and that the latter's survey was incorrect. Yet under this decision, the defendant will have to pay rental to both Burns and Lewis-for the case of Hamilton v. Pittock, supra, certainly rules that it is estopped from denying Burns's title and right to his reserved rent or royalty. And if in a proper suit between Burns (or his tenant) and Lewis, it should later be determined that the former is the real owner of the disputed land the defendant would be without remedy to recover the rent it had been compelled by this and similar actions to pay to Lewis.

As the defendant went into possession of the land and well as tenant of Burns, and denies that Lewis is the owner thereof, and claims to hold them adversely to him, the latter's rights must be asserted by ejectment and trespass for mesne profits and not by assumpsit.

I would sustain the first assignment of error and reverse the judgment without a venire.

PORTER, J., concurs in this dissent.