J-A01017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CONSOLIDATED EAGLE, LTD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BL GP, LLC TRADING AS BL | : | |
| PARTNERS GROUP, L.P.,  15 WA FIN | : | |
| GP, LLC, TRADING AS BL 219 | : | No. 1002 EDA 2023 |
| PARTNERS, L.P.,  PEARL | : | |
| PROPERTIES, LLC, PEARL | : | |
| PROPERTIES COMMERICIAL | : | |
| MANAGEMENT, LLC | : | |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered April 11, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  180601684

| | | |
|---|---|---|
| CONSOLIDATED EAGLE, LTD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BL GP, LLC TRADING AS BL | : | No. 1122 EDA 2023 |
| PARTNERS GROUP, L.P.,  15 WA FIN | : | |
| GP, LLC, TRADING AS BL 219 | : | |
| PARTNERS, L.P.,  PEARL | : | |
| PROPERTIES, LLC, PEARL | : | |
| PROPERTIES COMMERICIAL | : | |
| MANAGEMENT, LLC | : | |

Appeal from the Judgment Entered April 11, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  180601684

J-A01017-24

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED MARCH 26, 2024**

This case involves the cross-appeals of BL GP, LLC, trading as BL Partners Group, L.P.; 15 WA FIN GP, LLC, trading as BL 219 PARTNERS, L.P.; Pearl Properties, LLC; Pearl Properties Commercial Management, LLC (collectively "Pearl Defendants") and Consolidated Eagle, LTD ("Consolidated Eagle"). Pearl Defendants appeal from a permanent injunction issued by the Philadelphia Court of Common Pleas directing them to remove encroachments on air rights owned by Consolidated Eagle. While Consolidated Eagle agrees with the injunctive relief, it argues the trial court erred in failing to award monetary damages along with the injunctive relief.[1] For the reasons set forth below, we affirm the trial court's judgment in its entirety.

The trial court succinctly summarized the facts pertinent to this appeal as follows:

> This submission follows a heavily contested trial whether *de minimis* encroachments by [Pearl] Defendants on [Consolidated Eagle]-owned air rights should be removed at 227-229 S. Broad

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that Consolidated Eagle purported to appeal from the trial court's General Findings, as finally amended on March 24, 2023. However, "[u]nder our Appellate Rules, an appeal in a civil case in which post-trial motions are filed lies from the entry of judgment." **Billig v. Skvarla**, 853 A.2d 1042, 1048 (Pa. Super. 2004) (citation omitted). In any event, we conclude this cross-appeal was timely taken following post-trial motion practice, and we shall treat this appeal as a timely appeal from the final judgment entered on April 11, 2023 (which was notably entered in response to a praecipe filed by Consolidated Eagle). The caption has been updated accordingly.

- 2 -

St. in Center City, Philadelphia. The building is located between the Cambria Hotel and the Lucy by Cescaphe special event venue north of Locust Street.

The offending encroachments consist of an intrusion by a cosmetic structure on the Cambria Hotel itself, which can be removed without causing structural harm to the hotel. The structure is described as "1 pilaster, 1.39 feet, building wall .2 and .3 feet, and the upper top of the hotel's façade at 1.08 feet" --- as described in a Plaintiff expert report by Paul N. Lonie, PLS. His report was admitted at trial as P-15. Also noted by Mr. Lonie were movable structures placed on the roof of 227-229 S. Broad St. These include three air conditioner units, two steel girders, two exhaust fans, and one junction box. According to Lonie, his report "shows all encroachments above the 35-foot vertical threshold and also above the 60-foot vertical threshold," which this court has found are the relevant markers according to pertinent deeds.

Trial Court Opinion, 7/13/23, at 1 (citation and footnotes omitted).

On June 14, 2018, Consolidated Eagle filed a complaint against the Pearl Defendants and Choice Hotels International, Inc. ("Choice Hotels"). Consolidated Eagle asserted five causes of action as follows: Count I – Breach of Contract/Permanent Injunctive Relief v. Pearl Defendants and Choice Hotels; Count II – Declaratory Relief v. BL Partners; Count III – Tortious Interference v. BL Partners; Count IV – Tortious Interference v. BL 219, Pearl Properties, Pearl Management and Choice Hotels; and Count VI – Trespass v. Pearl Defendants and Choice Hotels.[2] Prior to trial, Consolidated Eagle filed a petition for preliminary injunction which was denied by the trial court.

---

[2] Count V was inadvertently labeled as Count VI in the complaint.

A bench trial was held over three days in May 2022. Following trial, the court entered an order directing counsel to file post-trial briefs, including "advocacy on why *de minimis* doctrines should, or should not, apply to this property law dispute relating to alleged air space encroachments." Order, 9/1/22, at ¶ 2.

On November 2, 2022, after consideration of the parties' submitted briefs, the trial court issued its General Findings.[3] Relevantly, the trial court found in favor of Consolidated Eagle on its request for a permanent injunction (Count I) and claim of trespass (Count VI). The trial court found against Consolidated Eagle on all other counts.

On November 14, 2022, the Pearl Defendants filed a motion for post-trial relief along with a brief in support of the motion. On November 23, 2022, Consolidated Eagle filed a motion for post-trial relief. Both parties filed an answer to each other's motion.

On March 21, 2023, Consolidated Eagle filed a praecipe to enter judgment in its favor and against Pearl Defendants, compelling the removal

---

[3] The next day, the trial court issued Amended General Findings, vacating Paragraph 17 of the General Findings, which stated "This Court vacates the preliminary injunction granted at the inception of this case in favor of defendants." In the Amended General Findings, the trial court clarified that it had not granted a pre-trial preliminary injunction. Rather, the court had denied the request for a preliminary injunction after a hearing. This Court affirmed the denial in November 2019.

of all encroachments within six months of the date of final judgment, as per the trial court's General Findings.

On March 24, 2023, the trial court issued an order ruling on the parties' motions for post-trial relief, including amendments to the General Findings. The order also confirmed that Choice Hotels was dismissed from the case pursuant to an oral motion for non-suit entered during trial.

On April 11, 2023, after Consolidated Eagle filed another praecipe to enter judgment, the Office of Judicial Records noted in a docket entry that a final judgment was entered. These timely cross-appeals followed.

On appeal, the Pearl Defendants raise three issues for our review, all challenging the trial court's findings that the Pearl Defendants were encroaching on Consolidated Eagle's air rights. Specifically, the Pearl Defendant's argue that the trial court erred in finding that an overhang, pilaster, and mechanical equipment pieces did not constitute *de minimis* encroachments, and that practical considerations did not bar their removal. Further, the Pearl Defendant's argue the trial court erred when it found the mechanical equipment pieces are not permitted under the Auxiliary and Ancillary Use Easement.

We begin with our standard of review.

Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most

favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue … concerns a question of law, our scope of review is plenary.

***Stephan v. Waldron Elec. Heating and Cooling, LLC***, 100 A.3d 660, 664-665 (Pa. Super. 2014) (citation and brackets omitted). Further, "the fact-finder is free to accept or reject the [testimony] of both expert and lay witnesses, and to believe all, part or none of the evidence." ***Terwilliger v. Kitchen***, 781 A.2d 1201, 1210 (Pa. Super. 2001) (citation omitted).

We have reviewed the parties' briefs, the relevant law, the certified record, and the well-written trial court opinion, along with the court's General Findings. We have determined that the trial court's opinion, as well as its findings of fact and conclusions of law supporting the judgment, comprehensively dispose of the first two issues on appeal, with appropriate references to the record and without legal error. Therefore, we will affirm those issues based on the trial court's opinion. **See** Trial Court Opinion, 7/13/23, at 1-3. Importantly, despite the Pearl Defendants' argument to the contrary, the trial court does not dispute that the encroachments are *de minimis*. **See id**. at 1-2. Further, the trial court agrees that equitable considerations of practicality are important in certain property cases. **See id**. at 2. Nevertheless, the trial court ultimately concluded that this is simply not a situation where principles of practicality need to be applied. **See id**. ("In declining to leave the encroachments where they are, we find there is no

- 6 -

hardship to Defendant[s] justifying application of equitable principles of practicality in the context of a multi-million-dollar development where Defendants placed the rooftop encroachments … solely for the benefit of their own business."); *see id.* (conversely finding "that practical remedies exist to remove the encroaching items … without overburdening Defendants.").

In its final issue, the Pearl Defendants argue the trial court erred when it found the mechanical equipment pieces are not permitted under the Auxiliary and Ancillary Use Easement.

Pursuant to the easement, BL Partners is permitted to use Consolidated Eagle's air space "for all purposes which are auxiliary and ancillary to the use of the present structure …". Joint Exhibit 1, Deed dated March 31, 1987, at 2. However, that permitted use was limited such that "in no event shall such auxiliary and ancillary use exceed sixty (60) feet from the present surface of the ground." *Id*. The air space is measured from the roof of the structure, measuring thirty-five feet from the surface of the ground. *See id*.

The trial court found "that the encroachments on the roof of 227-229 S. Broad Street were created by the choice of defendants, negligently or intentionally, for ancillary or auxiliary uses beyond 227-299 S. Broad Street itself." General Findings, 11/2/22, at ¶ 12. Specifically, the court found the additional uses were for the benefit of the Cambria Hotel and the corner building. *See id*. (citing N.T., 5/24/22, at 65-69, 93-96).

While there is some argument about what constitutes the "present structure", the trial court found that even if the ancillary and auxiliary uses were proper, i.e., for "the use of the present structure", the encroachments would still not be permitted, as they exceed the height permitted by the easement. The trial court credited Lonie's expert testimony, who relevantly described the vertical encroachments as follows:

> Well, there are two noted -- let's start towards Broad Street. There are two noted air conditioning units that are barely -- one is about six inches above the 35-foot limit. One is only about three quarters of an inch above the limit. There's an electric generator that's five feet above the limit. There is an electrical junction box that's four feet above the limit. There is a steel girder that's six inches above the limit. There's an air conditioning unit that's four feet above the limit. There's an exhaust fan that's five feet above the limit. And there's an exhaust fan that's three feet above the limit. And a steel girder that's six inches above the limit. That was all I found.

N.T., 5/23/22, 247-48. The trial court, as the fact-finder, was free to credit Lonie's testimony. We can find no error with Lonie's testimony, or with the trial court's findings based on that testimony. Accordingly, the Pearl Defendants are due no relief on their final issue.

In its cross-appeal, Consolidated Eagle contends the trial court erred in failing to award monetary damages in addition to injunctive relief despite finding that the Pearl Defendants trespassed on Consolidated Eagle's property for multiple years. Consolidated Eagle argues they are owed compensation in the form of mesne profits for the Pearl Defendants' improper use of Consolidated Eagle's air rights from the time the encroachments were installed until the time they are removed.

While the trial court found in favor of Consolidated Eagle on the count for trespass, that finding was limited to the direction for the Pearl Defendants to arrange and pay for removal of all encroachments infringing on Consolidated Eagle's air rights. **See** General Findings, 11/2/22, at ¶ 7. No finding regarding damages was made.

Consolidated Eagle asserts that it "prayed for the imposition of monetary damages in addition to mandatory injunctive relief" in Counts I and VI of the Complaint. Appellee's Brief, at 38. However, in Count I, in which Consolidated Eagle sought relief for breach of contract/permanent injunctive relief, Consolidated Eagle specifically only sought an award of compensatory and punitive damages. **See** Complaint, 6/14/18, at 19-20. Notably, Consolidated Eagle's claim for punitive damages in Count I was stricken by the court's order ruling on the Pearl Defendant's preliminary objections. **See** Order, 9/14/18 (citing ***Standard Pipeline Coating Co., Inc. v. Solomon & Teslovich, Inc.***, 496 A.2d 844 (Pa. Super. 1985) for the proposition that "[P]unitive damages will not be assessed for a mere breach of contractual duties, where no recognized tort cause of action, pleaded by the plaintiff, arose out of the same transaction."). No request for *mesne* profits or nominal relief was requested. In any event, Consolidated Eagles argument on appeal is fully based on a claim of trespass. Accordingly, any contract claims are not applicable.

In Count VI, the final count of the complaint, Consolidated Eagle sought relief for trespass. In concluding the complaint, Consolidated Eagle demanded

judgment in its favor "in an amount in excess of $1,500,000, together with such other relief as this Honorable Court deems just and warranted." Complaint, 6/14/18, at 27. Again, no specific request for mesne profits, or nominal damages, was made.

During trial, monetary relief was only discussed in reference to punitive damages for the tortious interference claim. The court found in favor of the Pearl Defendant's on the tortious interference claim. No evidence was presented regarding mesne profits, or nominal damages, in regard to any claim,[4] let alone the claim of trespass. In fact, when asked by the court whether it was asking for damages for trespass, Consolidated Eagle clarified that it was primarily seeking removal of the encroachments. **See** N.T., 5/26/22, at 122. When further pressed on exactly what relief Consolidated Eagle was seeking for trespass, Consolidated Eagle stated as follows:

> THE COURT: … so you want that removed?
>
> [CONSOLIDATED EAGLE]: I want that removed. And as of [sic] matter of law, I'm entitled to that.
>
> THE COURT: So that money goes straight to the removal but not to your client; correct?
>
> [CONSOLIDATED EAGLE]: It just needs to be removed. We don't care how they do it, what they pay for it.

_____

[4] While the leasehold value of the air rights was briefly brought up, an objection was quickly sustained, as the court found that an appraisal of leasehold value was not justified based on the lack of evidence presented. **See** N.T., 5/24/22, at 194-95.

*Id*. at 124.

It is clear that Consolidated Eagle did not seek mesne profits in its complaint. *See Reilly v. Crown Petroleum Co.*, 63 A. 253, 254 (Pa. 1906). Consolidated Eagle could have timely amended its complaint to include a claim for such profits or filed a separate action for mesne profits. This argument is therefore waived for purposes of this appeal. *See* Pa.R.A.P. 302(a). Accordingly, the court did not err in not awarding Consolidated Eagle mesne profits in response to Consolidated Eagle's complaint.

For the foregoing reasons, we conclude the trial court did not err in awarding injunctive relief, or in failing to additionally award monetary relief. Accordingly, we affirm the trial court's judgment.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2024